IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEPANTA JALALI<br>7795 Early Meadow Rd.<br>Westerville, Ohio 43082, | : | Case No. 2:20-cv-5071 |
| | : | |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| UNUM LIFE INSURANCE COMPANY<br>  OF AMERICA<br>c/o Unum Group<br>1 Fountain Square<br>Chattanooga, TN 37402, | : | Magistrate Judge_____ |
| | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

For her Complaint against the Defendant, Unum Life Insurance Company of America, Plaintiff Sepanta Jalali states as follows:

**Parties**

1. The Plaintiff, Sepanta Jalali, was at all relevant times an employee of Mt. Carmel Health Systems ("Mt. Carmel") and is a participant in an employee welfare benefit plan (the "Plan") established by Mt. Carmel under the terms of the Employee Retirement Income Security Act for the purpose of providing long-term disability benefits.

2. The Defendant, Unum Life Insurance Company of America ("Unum"), is the insurer of the disability benefits available under the Plan.

1

**Jurisdiction and Venue**

3.      The Plaintiff's claim arises under ERISA.  Jurisdiction is predicated on 29 U.S.C. §1132.

4.      The Plan is administered, in part, in Franklin County, Ohio.  Venue, therefore, is proper in the Eastern Division of the Southern District of Ohio.

**Facts Common to All Claims**

5.      Jalali has been disabled and unable to work since November, 2008.

6.      As a benefit of her employment, Jalali became insured under a long-term disability policy (the "Policy") underwritten and administered by Unum.

7.      Unum paid Jalali a monthly benefit from April 2009 to February 2012, but in February 2012, Unum terminated Jalali's benefit, declaring that she was not disabled from any occupation.

8.      After exhausting administrative remedies, Jalali commenced an action in this Court, *Jalali v. Unum Life Insurance Company of America*, Case No. 2:12-cv-828 (*Jalali I*).

9.      On March 24, 2014, this Court filed an Opinion and Order in *Jalali I*, granting Jalali's motion for judgment on the administrative record and directing Unum to reinstate her benefits.

10.     Unum thereafter reinstated Jalali's benefits as directed, but then unilaterally reduced them by applying, as an offset, money that Jalali and her husband received years earlier as the result of the settlement of an automobile accident lawsuit.

11.     Jalali again filed suit in this Court, *Jalali v. Unum Life Insurance Company of America*, Case No. 2:16-cv-512 (*Jalali II*).

12. On September 18, 2018, this Court filed an Opinion and Order in *Jalali II*, directing Unum to determine whether Jalali had been "made whole" by the automobile accident settlement.

13. Earlier this year the parties reached a settlement of that matter.

14. Unum once again has terminated Jalali's long-term disability benefit.

15. Jalali filed an administrative appeal, but the appeal was denied.

16. Jalali has exhausted her administrative remedies.

**Count I**

17. The provisions of the foregoing paragraphs are incorporated by reference as if fully rewritten herein.

18. Jalali brings this claim under 29 U.S.C. §1132(a)(1)(B) and seeks an award of benefits.

19. Jalali remains disabled under the terms of the Policy.

20. Unum's termination of Jalali's benefit was in breach of its obligations to her under the Policy.

21. Unum's termination of Jalali's benefit was arbitrary and capricious in that Unum ignored wealth of evidence submitted by Jalali.

22. As a result of Unum's conduct, Jalali has suffered harm.

WHEREFORE, the Plaintiff, Sepanta Jalali, demands judgment in her favor and against the Defendant as follows:

A. A determination that Jalali remains disabled and is entitled to benefits;

B. An order directing Unum to restore Jalali's monthly benefit payments, retroactive to the date they were terminated;

C. An order directing Unum to continue paying to Jalali a monthly benefit;

D. An order prohibiting Unum from terminating Jalali's benefit in the future without prior leave of Court;

E. Pre-judgment and post-judgment interest;

F. Attorney's fees and the costs of this action; and

G. Such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,

    /s/ Tony C. Merry
Tony C. Merry    (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiff